UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE FAIR,<br><br>        Petitioner,<br><br>    v.<br><br>PAUL THOMPSON, Warden,<br><br>        Respondent. | No.  2:21-cv-0803-WBS-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a federal prisoner confined at FCI Herlong proceeding without counsel in this petition for writ of habeas corpus brought under 28 U.S.C. § 2241.  ECF No. 1.  He challenges certain Bureau of Prisons ("BOP") policies regarding the First Step Act and the BOP's application of the Act to its determination of his release date.  *Id.*  Respondent has filed a motion to dismiss the petition.  ECF No. 7.  For the reasons that follow, the motion must be granted.

**I.**     **The First Step Act**

Enacted on December 21, 2018, the First Step Act ("FSA" or "Act") amended 18 U.S.C. chapter 229 in several ways, including changes to existing recidivism-reduction incentives.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  The Act required the Attorney General ("AG") to review the existing system for assessing prisoner risk and needs, to formulate recommendations regarding evidence-based recidivism reduction ("EBRR") programs and productive activities, and to produce a new risk and needs assessment program (referred to in the

Act as "the System") that would, among other things, (1) classify the recidivism risk of each prisoner as minimum, low, medium or high and (2) assign each prisoner to appropriate EBRR programs or productive activities based on his or her risk level. 18 U.S.C. §§ 3631(b), 3632(a). The Act required that the System provide certain "incentives and rewards" for prisoners to participate in EBRR programs. *Id.* § 3632(d).

Relevant to this action, such incentives and rewards include incarceration-reducing time credits: prisoners who successfully complete EBRR programs or productive activities must be provided 10 days of time credit for every 30 days of successful participation in the programs or activities. *Id.* § 3632(d)(4)(A)(i). Prisoners who are given minimum or low risk assessments over two consecutive assessments and who have not increased in risk must be provided five extra days of time credit for each 30 days of successful completion of EBRR programs or activities (thus earning 15 days of time credit per 30 days of programming). *Id.* § 3632(d)(4)(A)(ii). Prisoners cannot earn time credits for EBRR programs completed prior to the enactment of the FSA or during pretrial detention. *Id.* § 3632(d)(4)(B).

The Act gave the AG until July 19, 2019 to develop the System, and the AG released the System on that date. *Hand v. Barr*, No. 1:20-cv-00348-SAB-HC, 2021 U.S. Dist. LEXIS 21726, at *5 (E.D. Cal. Feb. 4, 2021). It then set a further deadline of January 15, 2020, by which time the Bureau of Prisons ("BOP") was required to complete initial risk and needs assessments of all prisoners and begin to assign them to appropriate EBRR programs. 18 U.S.C. § 3621(h)(1)(A). The BOP was also required, by the same date, to begin expanding EBRR programs and activities it offers and to add new ones as necessary to implement the System. *Id.* § 3621(h)(1)(B). The Act provides the BOP two years from the January 15, 2020 deadline to complete the expansion so that it can provide EBRR Programs and productive activities to all prisoners; a period referred to in the Act as the "phase-in." *Id.* § 3621(h)(2)(A). During the phase-in, the BOP must give priority for EBRR programs and productive activities to prisoners according to their proximity to release. *Id.* § 3621(h)(3). Of particular significance to this case, the Act provides that, from the date of its enactment (December 21, 2018) until the end of the phase-in (January 15, 2022), the BOP "may" offer the incentives and rewards described in the Act – which include the potential

2

for earning time credits – to prisoners who successfully participate in EBRR programs and productive activities. *Id.* § 3621(h)(4).

## II. Petitioner's Claims

Petitioner alleges that prison officials have determined that he is eligible to participate in the FSA's time credit system. ECF No. 1 at 8. Officials have assessed petitioner at minimum risk for his last two risk assessments, and petitioner has completed 2644 days of productive activities since 2013, translating into 1322 days of credit. *Id.* Petitioner's current release date is set at July 7, 2023. ECF No. 11 at 2. If these credits were applied to his sentence, petitioner would have been released on November 23, 2019. According to the petitioner, the BOP has stated that it will not credit him with activities completed prior to January 15, 2020 in contravention of the FSA. ECF No. 1 at 6. Petitioner further claims that the FSA requires the BOP to apply his time credits immediately rather than after January 15, 2022. *Id.* Lastly, petitioner claims entitlement to even earlier release to home confinement under 18 U.S.C. § 3264. Respondent counters that (1) this court lacks jurisdiction over petitioner's claims and (2) petitioner failed to exhaust his claims prior to bringing the petition.

## III. Jurisdiction

### A. Home Confinement

Respondent argues that the authority to determine that a prisoner may complete the end of his sentence in home confinement lies solely with the BOP and, accordingly, this court lacks authority to order petitioner's release to home confinement. Indeed, 18 U.S.C. § 3264(c) provides discretionary authority to the BOP to release prisoners to home confinement "to the extent practicable." Because the statute specifically grants this discretion to the BOP, courts have held that district courts lack the authority to order the BOP to release a prisoner to home confinement. *United States v. Houck*, 2 F.4th 1802, 1805 (8th Cir. 2021); *United States v. Goldblatt*, No. 18-345, 2021 U.S. Dist. LEXIS 16574, at *8-9 (D. N.J. Jan. 28, 2021) (stating that "[i]t is well established that this Court lacks the jurisdiction to order the BOP to release an individual to home confinement" and collecting cases). Thus, the court must dismiss petitioner's claim that he should have been released to home confinement on August 31, 2019.

### B. <u>Standing</u>

Respondent argues that the BOP is not required to calculate and apply time credits under the FSA for petitioner or any other prisoner until January 15, 2022 and thus petitioner lacks standing to pursue his time credits claim until that date (i.e., the claim is not yet ripe). *See Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (discussing standing and ripeness). This court agrees. The plain language of the FSA gives the BOP discretion to implement the Act's incentives – which include time credits – during the phase-in period. 18 U.S.C. § 3621(h)(4) ("Beginning on the date of enactment of this subsection, the Bureau of Prisons *may* begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and *may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D."). If Congress had intended to require the BOP to apply the time credits incentive during the phase-in period, it could easily have done so by replacing the permissive word "may" with the compulsory "shall." It did not do so.

Petitioner relies on *Goodman v. Ortiz*, No. 20-7582 (RMB), 2020 U.S. Dist. LEXIS 153874 (D. N.J. Aug. 25, 2020), in which the court found that a prisoner was entitled to application of time credits during the phase-in period. That court stated, "The Court finds no evidence in the statutory framework for delaying application of incentives earned by all prisoners during the phase-in program until January 15, 2022[.]" *Id.* at *14-15. The court in *Goodman* failed to address the permissive language of § 3621(h)(4), however, and for that reason this court in not persuaded by the *Goodman* opinion. By using "may" instead of "shall," the statute expressly gives the BOP discretion over whether to provide the Act's incentives during the phase-in period. Indeed, other courts to address the issue agree that claims for credits under the FSA brought prior to January 15, 2022 are not ripe for review. *Hand v. Barr*, No. 1:20-cv-00348-SAB-HC, 2021 U.S. Dist. LEXIS 21726, at *12-13 (E.D. Cal. Feb. 4, 2021) ("[B]ecause the Act does not require BOP to provide evidence-based recidivism programs and productive activities for all prisoners until January 2022, the Court finds that Petitioner's claims regarding earned time credits and evidence-based recidivism reduction programs are not ripe."); *Llewlyn v. Johns*, No.

4

5:20-cv-77, 2021 U.S. Dist. LEXIS 18865, *5-6 (S.D. Ga. Jan 5, 2021) ("Because the First Step Act does not require actual implementation for each inmate until January 2022, Llewlyn is not entitled to an order from this Court compelling the BOP to recalculate his time credits.").

IV. **Remaining Arguments for Dismissal**

Respondent also argues that the case should be dismissed because petitioner did not exhaust his administrative remedies before filing the petition. There is some disagreement among the district courts as to whether exhaustion of a claim for time credits under the FSA is required prior to suit. *Compare Goodman v. Ortiz*, 2020 U.S. Dist. LEXIS 153874, at *5-6 (exhaustion not required) *with O'Bryan v. Cox*, No. 4:20-CV-04183-LLP, 2021 U.S. Dist. LEXIS 50055, at *2-7 (D. S.D. Jan. 12, 2021) (exhaustion required). Because the court finds that the petition must be dismissed as unripe, it declines to address the exhaustion argument at this time.

V. **Recommendation and Order**

For the foregoing reasons, it is hereby RECOMMENDED that respondent's January 9, 2020 motion to dismiss (ECF No. 7) be GRANTED and the petition be dismissed as unripe.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section

/////

/////

/////

5

2241 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: January 20, 2022.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE